UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT LEE BULLOCK, III,<br><br>　　　　　Petitioner<br><br>　v.<br><br>PENNSYLVANIA PAROLE BOARD, *et al.*,<br><br>　　　　　Respondents. | CIVIL ACTION NO. 3:24-CV-01018<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Petitioner Robert Lee Bullock ("Bullock"), an inmate confined at the State Correctional Institution, Mahanoy, Pennsylvania, commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of his parole by the Pennsylvania Board of Probation and Parole (the "Board"). (Doc. 1). For the reasons that follow, the Court will deny the petition.

**I.　BACKGROUND AND PROCEDURAL HISTORY**

On December 3, 2009, Bullock pled guilty to third-degree murder in the Court of Common Pleas of Lehigh County. (Doc. 9-1). On that same date, he was sentenced to a term of imprisonment of 10 to 20 years. (Doc. 9-1). While incarcerated for this offense, Bullock was convicted of criminal conspiracy. (Doc. 9-1). Bullock was sentenced to a consecutive term of 1½-5 years' incarceration for criminal conspiracy, resulting in an aggregate sentence of 11½ to 25 years. (Doc. 9-1). During his incarceration, Bullock received misconducts in May 2010, October 2012, May 2022, and November 2022. (Doc. 9-4).

Bullock appeared before the Board on four occasions—November 27, 2019, October 21, 2020, April 20, 2022, and April 24, 2024. (Doc. 9-5; Doc. 9-6; Doc. 9-7; Doc. 9-8). After

interviewing Bullock and reviewing his file, the Board denied parole after each hearing. In the instant petition, Bullock challenges the Board's April 24, 2024 decision. (Doc. 1, at 1).

In its April 24, 2024 decision, the following factors were invoked by the Board to deny Bullock parole: (1) his risk and needs assessment indicating his level of risk to the community; (2) his minimization and denial of the nature and circumstances of the offenses committed; (3) his lack of remorse for the offenses committed; (4) the negative recommendation made by the trial judge; (5) the negative recommendation made by the prosecuting attorney; and (6) the nature of the crime. (Doc. 9-8, at 1). The Board further noted that at Bullock's next interview, it would review his file and consider whether he has maintained a clear conduct record. (Doc. 9-8, at 1-2). Bullock did not file an action in the Commonwealth Court of Pennsylvania to challenge the Board's April 24, 2024 decision.

**II.    DISCUSSION**

Bullock submits that the Board violated his substantive due process rights because its April 24, 2024 decision denying him parole was based on "arbitrary and vindictive reasons." (Doc. 1, at 5). Bullock further argues that he is not required to exhaust state court remedies before challenging his parole denial in federal court. (Doc. 1, at 5). In response, the Board contends that the habeas petition must be dismissed due to Bullock's failure to exhaust his state court remedies. (Doc. 9, at 3-9). The Board also counters that Bullock's habeas petition lacks merit because there is no protected liberty interest in parole and Bullock cannot bring a substantive due process challenge because the Board followed the appropriate statutory factors in denying parole. (Doc. 9, at 9-13).

The Court disagrees with the Board's argument that the habeas petition must be dismissed on the basis that Bullock did not exhaust state court remedies. However, the Court

2

will deny the habeas petition based on the Board's proper application of the statutory factors in its April 24, 2024 denial of parole.

### A. EXHAUSTION AND PROCEDURAL DEFAULT

Habeas petitions challenging parole denials for violating the Ex Post Facto Clause are the only class of parole denial habeas claims amenable to state court remedy. *Barnes v. Wenerowicz*, 280 F.R.D. 206, 217 (E.D. Pa. 2012) (citing *Parker v. Kelchner*, 429 F.3d 58, 61 (3d Cir. 2005)). A habeas petitioner challenging the denial of parole on constitutional grounds is not required to exhaust state court remedies before pursuing federal habeas review. *See DeFoy v. McCullough*, 393 F.3d 439, 445 (3d Cir. 2005), *cert. denied*, 545 U.S. 1149 (2005) (finding that exhaustion applies only to parole denial claims alleging a violation of the Ex Post Facto Clause, which can be presented to the state courts through a mandamus action). Bullock asserts a federal due process challenge to his parole denial. (Doc. 1, at 5). He did not need to first petition the Commonwealth Court of Pennsylvania before filing this habeas petition.

### B. MERITS

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV § 1. It is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," nor has the Commonwealth of Pennsylvania created such a right. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996) (recognizing the general principle that the Pennsylvania parole statute does not create a liberty interest in the right to be paroled); *Coady v. Vaughn*, 770 A.2d 287, 289 (Pa. 2001) ("It is undisputed that [an

3

inmate] does not have a clear legal right to the grant of parole, nor does the board have a corresponding duty to grant the same.").

The role of a federal court is confined to reviewing the substance of the state parole decision to determine whether the Board exercised its authority in an arbitrary and capricious, or constitutionally impermissible manner. *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980). Stated simply, the Court must evaluate whether the Board abused its discretion. In order to show a violation of substantive due process, the petitioner must demonstrate that: (1) he was arbitrarily denied parole on the basis of impermissible reasons such as race, religion, or political beliefs; or (2) the Board failed to apply appropriate, rational criteria in reaching its determination. *Block*, 631 F.2d at 236. "However, federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady*, 251 F.3d at 487. The "relevant level of arbitrariness required to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times 'conscience shocking' or 'deliberately indifferent.'" *Hunterson v. DiSabato*, 308 F.3d 236, 247 (3d Cir. 2002) (citation omitted).

Here, Bullock challenges the Board's denial of parole. On April 24, 2024, the Board filed a Notice of Board Decision, in which they advised Bullock that he was denied parole for the following reasons:

- Reports, evaluations, and assessments/level of risk indicates your risk to the community.
- His minimization/denial of the nature and circumstances of the offenses committed.
- His lack of remorse for the offenses committed.

4

- The negative recommendation made by the trial judge.

- The negative recommendation made by the prosecuting attorney.

- The nature of the crime.

(Doc. 9-8, at 1).

The Board further noted that at Bullock's next interview, it would review his file and consider whether he has maintained a clear conduct record. (Doc. 9-8, at 1-2).

Bullock has not established that the April 24, 2024 denial of parole amounted to an unreasonable exercise of the Board's discretion. Rather, it is apparent from the arguments raised in the habeas petition that Bullock disagrees with the criteria the Board relied upon to deny him parole and broadly argues that the denial of parole was "based on arbitrary and vindictive reasons." (Doc. 1, at 5). However, this challenge to the Board's administrative decisions to deny Bullock parole release is unavailing. *See* 61 Pa. C.S. § 6137 (granting the Board vast discretion to refuse or deny parole). The record clearly reflects that the Board based its parole determination on factors that it is statutorily required to consider in accordance with 61 Pa. C.S. § 6135; *see McGinnis v. Royster*, 410 U.S. 263, 277 (1973) (holding that there is a "legitimate desire of the state legislature to afford state prison officials an adequate opportunity to evaluate both an inmate's conduct and his rehabilitative progress before he is eligible for parole"). Under 61 Pa. C.S. § 6135, the Board must evaluate, among other factors: (1) the nature and circumstances of the offense; (2) any recommendations made by the trial judge and prosecuting attorney; (3) the general character and background of the inmate; (4) the notes of testimony of the sentencing hearing, if any, together with such additional information regarding the nature and circumstances of the offense committed for which sentence was imposed; and, (5) the conduct of the person while in prison and his physical,

5

mental and behavioral condition and history and his complete criminal record. 61 Pa. C.S. § 6135(a).

Bullock has not directed the Court to any factor relied upon by the Board that could be described as conscience shocking or deliberately indifferent. The Board appropriately relied on a combination of factors to deny Bullock parole. Bullock does not allege that the Board relied on anything other than the 61 Pa. C.S. § 6135 factors. His conclusory allegation that the Board's decision was arbitrary does not give rise to a substantive due process claim. Therefore, because Bullock has failed to meet his burden of demonstrating that the Board abused its discretion, the Court will deny the habeas petition.

### III.   THERE IS NO BASIS FOR AN EVIDENTIARY HEARING

The Board also argues that the habeas petition must be dismissed without a hearing. (Doc. 9, at 13). 28 U.S.C. § 2254(e)(2) prevents the Court from holding an evidentiary hearing unless "the applicant shows that—(A) the claim relies on—(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence" and "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2). The Court has no basis to find that Bullock met the stringent standards of § 2254(e)(2).

### IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Bullock has not made a showing substantial enough to warrant the issuance of a certificate of appealability. Reasonable jurists could not disagree with the Court's resolution of Bullock's claims. Thus, the Court declines to issue a certificate of appealability.

V. **CONCLUSION**

Based on the foregoing, the Court will deny the petition for writ of habeas corpus. An appropriate Order follows.

**Dated: September 6, 2024**                                         *s/ Karoline Mehalchick*
                                                                                    **KAROLINE MEHALCHICK**
                                                                                    **United States District Judge**